UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CLIFTON JAMES
RICHARDSON, SR.

CIVIL ACTION

VERSUS

NO. 17-465-JWD-EWD

CLIFTON JAMES
RICHARDSON, JR., ET AL.

**NOTICE AND ORDER**

Before the court is Plaintiff's September 11, 2017 Rule 15(a) and (c) 1st Amended Petition for Discovery of the Reciprocal Alimentary Duties of the Defendants (the "Motion").[1] The court interprets Plaintiff's Motion as requesting leave to file an amended complaint and leave to conduct early discovery. Plaintiff's proposed amended complaint still does not comply with the instructions previously ordered because: (1) it is not a "stand-alone" pleading and instead improperly "renews and reiterates" allegations set forth in his previous pleading; (2) does not specifically identify each defendant and set out the specific factual basis for Plaintiff's claim against that particular defendant (i.e., what Plaintiff is claiming that person did or did not do that either explains the basis of Plaintiff's claim for alimentary support and/or Plaintiff's claim for copyright infringement); (3) with respect to his claim for alimentary support, does not set forth why he is unable to afford specific basic necessities without defendants' help; and (4) with respect to his claim for copyright infringement, does not allege: (i) the specific musical work(s) in which he has a valid copyright; (ii) whether such copyright(s) has been registered; (iii) which defendant he alleges copied the copyrighted work without authorization; and (iv) the facts supporting Plaintiff's claim that the particular defendant copied his copyrighted work without authorization.

---

[1] R. Doc. 11.

As more fully explained below, Plaintiff's motion to file the amended complaint is DENIED without prejudice to Plaintiff's right to file an amended complaint on or before October 9, 2017 that complies with the instructions previously ordered. Plaintiff's motion for leave to conduct early discovery is DENIED.

**I.     Background**

On August 9, 2017, a hearing was held in this matter pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The *pro se* plaintiff, Clifton James Richardson, Sr. ("Plaintiff") personally appeared during the hearing and the Petition for Discovery of the Reciprocal Alimentary Duties of the Defendants (the "Original Complaint") was discussed. Per the Original Complaint, it appears Plaintiff seeks to require defendants, Clifton James Richardson, III, Clifton James Richardson, Jr., and Gwendolyn Ellington (collectively, "Defendants") to provide assistance to him pursuant to La. Civil Code article 237. Additionally, during the August 9, 2017 hearing, Plaintiff explained that he was trying to determine "if they made enough money with my song" and asserted that he had registered copyrights in his musical works that had been purportedly infringed.[2] Plaintiff explained that he was told "by some people" that "they used my music in a concert."[3] It was not clear during the hearing what person or persons Plaintiff is alleging infringed on his copyright.

Following additional discussion, Plaintiff made an oral motion to amend his Original Complaint, which the court granted. The court ordered Plaintiff to file a *comprehensive* Amended Complaint within sixty (60) days of the date of the Order (*i.e.*, by October 9, 2017) containing all

---

[2] Plaintiff asserted that he had registered copyrights in his musical works under his pseudonym, Phil Beadon Davis. In his Complaint, Plaintiff has handwritten at the top: "If the children refuse to assist, then this matter should be governed by Title 17 of the United State Code, Copyright infringement." R. Doc. 1.

[3] As discussed during the August 9, 2017 hearing, Plaintiff must have some basic information to support his claims *prior* to the filing of his lawsuit. To the extent Plaintiff filed this lawsuit to "get discovery" to determine whether he has a claim against the Defendants, such filing would be improper.

2

of Plaintiff's allegations, as revised, supplemented and/or amended, without reference to any other pleading in the record. The court further ordered that Plaintiff's Amended Complaint would set forth, *inter alia*: (1) the basic necessities that he seeks to require Defendants to fund pursuant to La. Civil Code article 237 and why he is unable to afford these specific necessities without Defendants' assistance; (2) whether he has a valid copyright(s) and the specific musical work(s) in which he holds such copyright(s); (3) whether such copyright(s) has been registered; (4) the facts that establish unauthorized copying (*i.e.*, copying of the constituent elements of Plaintiff's copyrighted work(s) that are original); and (5) who is alleged to have engaged in unauthorized copying of Plaintiff's works.

On September 6, 2017, Plaintiff filed a Rule 15(a) and (c) Amended Petition for Discovery of the Reciprocal Alimentary Duties of the Defendants (the "Motion to File Amended Petition").[4] The court construed Plaintiff's September 6, 2017 filing as a motion for leave to file an amended complaint and, on September 8, 2017, denied Plaintiff's motion without prejudice because: (1) the proposed amended petition did not include all of Plaintiff's allegations and instead only set out the changes Plaintiff wished to make to his previous pleading; and (2) did not set forth the information required by the August 9, 2017 order.[5]

## II. Plaintiff's September 11, 2017 Filing

On September 11, 2017, Plaintiff filed the instant Rule 15(a) and (c) 1st Amended Petition for Discovery of the Reciprocal Alimentary Duties of the Defendants (the "Motion").[6] Per the Motion, Plaintiff: (1) states that three defendants, "the Salvation Army, Terrance Richardson, and Southern University's Music Camp or Department" "were accidentally named as Defendants by

---

[4] R. Doc. 9.

[5] R. Doc. 10.

[6] R. Doc. 11.

3

this Court;"[7] and that Plaintiff wishes to name Harold Wayne Richardson as a defendant;[8] (2) sets forth a list of alleged "basic necessities" to be included in paragraph 6 of his original petition; (3) attaches correspondence sent to the Library of Congress and the Southern District of New York requesting information and/or records; and (4) "renews and reiterates all of the allegations, and all of the prayers, of the Original Petition."[9] In his Motion, Plaintiff prays: "(1) For Leave of Court to file this 2nd Amended Petition; and (2) For Time to gather this Information to determine if it is pertinent in this case that is filed here in Monroe and Baton Rouge, Louisiana; (3) For permission to gather Depositions from the listed witnesses concerning Shelter Assistance; (4) For permission to gather Depositions from persons who are involved in the cases in Baton Rouge, Louisiana; Monroe, Louisiana; and White Plains, New York; if they are in the local area (within 100 miles)."[10] Based on this prayer for relief, the court interprets Plaintiff's Motion as a motion to file an amended complaint and a motion to conduct early discovery.

    **a. Motion to Amend Complaint**

Plaintiff's proposed pleading does not comply with this court's previous orders.

First, Plaintiff may not "renew" or "reiterate" allegations or prayers set forth in the Original Complaint. Instead, **ALL** of Plaintiff's allegations and prayers must be set forth word-for-word in the proposed amended complaint. This means that Plaintiff's proposed amended complaint should copy word-for-word any allegations or prayers for relief asserted in the Original Complaint

---

[7] R. Doc. 11, p. 1.
[8] R. Doc. 11, p. 1.
[9] R. Doc. 11, p. 2.
[10] R. Doc. 11, pp. 2-3.

that Plaintiff continues to assert and should also include all of the information required by this court's August 9, 2017 order.[11]

Second, the court notes it does not appear that the Salvation Army, Terrance Richardson, and Southern University's Music Camp or Department were named as defendants in Plaintiff's Original Complaint. The Original Complaint appeared to name (1) Clifton James Richardson, Jr.; (2) Clifton James Richardson, III; and (3) Mrs. Gwendolyn Ellington as defendants. Based on Plaintiff's current Motion, it appears Plaintiff also wishes to name Harold Wayne Richardson as a defendant. Plaintiff's amended complaint must set forth the name of each defendant Plaintiff asserts a claim against and the specific factual basis for Plaintiff's claim against that particular defendant (i.e., what Plaintiff is claiming that person did or did not do that either explains the basis of Plaintiff's claim for alimentary support and/or Plaintiff's claim for copyright infringement).

Because Plaintiff's proposed amended complaint does not comply with this court's previous orders, Plaintiff's Motion for leave to file the amended complaint is DENIED without prejudice to Plaintiff's right to file an amended complaint on or before October 9, 2017 that fulfills the requirements set forth in the court's August 9, 2017 Order, which the undersigned has attempted to explain again in this Notice and Order.

### b. Motion to Conduct Early Discovery

As discussed during the August 9, 2017 hearing, Plaintiff must have some basic information to support his claims *prior* to filing his lawsuit. Based on Plaintiff's current Motion, it appears that Plaintiff has again requested leave to conduct early discovery. Federal Rule of Civil Procedure 26(d)(1) provides that, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial

---

[11] A copy of this court's August 9, 2017 Order is attached hereto for Plaintiff's reference. R. Doc. 5.

disclosure under Rule 26(a)(1)(B) or when authorized by these rules, by stipulation, or by court order." Early discovery is not the norm; however, "in limited circumstances, district courts have allowed expedited discovery 'when there is some showing of irreparable harm that can be addressed by limited, expedited discovery.'" *ELargo Holdings, LLC v. Doe-68.105.146.38*, Civil Action 16-210, 318 FRD 58, 61 (M.D. La. Dec. 1, 2016).

"Although the Fifth Circuit has not explicitly adopted a standard to determine whether a party is entitled to expedited discovery, several district courts within the Fifth Circuit…have expressly utilized the 'good cause' standard when addressing the issue." *ELargo*, 318 FRD at 61 (collecting cases). *See also*, *Wilson v. Samson Contour Energy E&P, LLC*, Civil Action No. 14-109, 2014 WL 2949457, at * 2 (W.D. La. June 30, 2014) (same; collecting cases); *BKGTH Productions, LLC v. Does 1-20*, Civil Action No. 13-5310, 2013 WL 5507297, at * 4 (E.D. La. Sept. 30, 2013) (same). "The good cause analysis considers factors such as the 'breadth of the discovery requests, the purpose for requesting expedited discovery, the burden on [the responding party] to comply with the requests and how far in advance of the typical discovery process the request was made." *BKGTH Productions*, 2013 WL 5507297, at * 4. In such analysis, the court "must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Id*. (citing *St. Louis Group, Inc. v. Metals and Additives Corp., Inc. et al.*, Civil Action No. L-11-22, 275 F.R.D. 236, 239-240 (S.D. Tex. April 26, 2011)). "The burden of showing good cause is on the party seeking the expedited discovery." *St. Louis Group*, 275 F.R.D. at 240. "Moreover, the subject matter related to the requests for expedited discovery should be narrowly tailored in scope." *Id*.

Plaintiff has provided no basis for this court to find good cause exists to allow for early discovery in this matter. Again, to the extent Plaintiff seeks to conduct depositions in order to

determine whether he has a claim against any of the defendants, such discovery is improper, and Plaintiff must have a good faith basis for asserting a claim against a particular defendant *prior* to filing suit. With respect to Plaintiff's claims for support based on reciprocal alimentary duties, and consistent with this court's previous orders, Plaintiff's amended complaint must allege the basic necessities that he seeks to require defendants to fund ***and*** why he is unable to afford these specific necessities without defendants' help. With respect to Plaintiff's claim of copyright infringement, Plaintiff must allege (1) the specific musical work(s) in which he has a valid copyright; (2) whether such copyright(s) has been registered; (3) which defendant he alleges copied the copyrighted work without authorization; and (4) the facts supporting Plaintiff's claim that the particular defendant copied his copyrighted work without authorization.

### III. Conclusion

For the reasons set forth herein, **IT IS ORDERED** that Plaintiffs' Motion to amend his Original Complaint is **DENIED** without prejudice to Plaintiff's right to file an amended complaint that complies with the instructions set forth in the court's August 9, 2017 Order, as explained again in this Notice and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to conduct early discovery is **DENIED**.

Plaintiff is **NOTIFIED** that the purpose of his amended complaint is to allow this court to determine whether, all or any part of this case should be dismissed as frivolous because (1) the complaint has no realistic chance of ultimate success; or (2) it has no arguable merit in terms of the arguable substance of the claims presented, both in law and in fact; or (3) beyond doubt, the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). Accordingly, Plaintiff's amended

complaint should reflect all information Plaintiff believes supports a claim against each of the named defendants.

Plaintiff is **FURTHER NOTIFIED** that a failure to comply with the court's August 9, 2017 Order (in other words, failure to tell the court in Plaintiff's amended complaint all the information the court has ordered) may result in a recommendation that the case be dismissed.

**IT IS FUTHER ORDERED** that a copy of this Report and Order shall be sent to the Plaintiff at P.O. Box 862, Monroe, LA 71210 by certified mail, return receipt requested.

Signed in Baton Rouge, Louisiana, on September 20, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**